The Honorable Mike Hathorn State Representative Route 2, Box 409 Huntsville, AR 72740-9649
Dear Representative Hathorn:
I am writing in response to your request for my opinion on the following question:
 Is the Madison County Search and Rescue Team (hereinafter the" Rescue Team") eligible to receive surplus property pursuant to the Federal Property and Administrative Services Act of 1949, 40 U.S.C. § 471 et seq. (hereinafter the "Act")?
I have been informed that the Rescue Team is a private, nonprofit corporation.
RESPONSE
The answer to your question is, in all likelihood, "no."
Under the Act as amended by Public Law 94-519, the federal government may dispense surplus property to various categories of state recipients to be used for various purposes. Included within the category of potential recipients is "any public agency for use in carrying out or promoting for the residents of a given political area one or more public purposes, such as . . . public safety." 40 U.S.C. § 484(j)(3)(A) (emphasis added). The term "public agency" is defined in pertinent part as "any State, political subdivision thereof (including any unit of local government or economic development district), or any department, agency, instrumentality thereof. . . ." 40 U.S.C. § 484(j)(5). Under this definition, the Rescue Team qualifies as a "public agency" only if it could be characterized as a "political subdivision" of the state or any instrumentality thereof.
In my opinion, a private, nonprofit corporation does not qualify as a "political subdivision." This term has been variously defined as follows: A.C.A. § 8-5-301 ("`Political subdivision' means any city of the first class, city of the second class, incorporated town, county, improvement district, or other political subdivision of the State of Arkansas, or any combination of them."); A.C.A. §§ 12-9-102(3) and 12-9-401(4) ("`Political subdivision' means any county, municipality, township, or other specific local unit of general government."); A.C.A. § 12-50-103(8) ("`Political subdivision' means a city of any class, a town, or a county."); (14-77-102(3) ("`Political subdivision' means any county, municipality, or school district of the State of Arkansas."); A.C.A. § 15-6-103(8) ("`Political subdivision' means a county, municipality, and any other unit of local government, including a school district and an improvement district, authorized by law to perform governmental functions."); A.C.A. § 19-7-901(2) ("`Political subdivision' means any agency or unit of this state which is authorized to levy taxes or empowered to cause taxes to be levied."). In two instances, the term has been defined as including only public corporations: A.C.A. § 21-1-303(5) ("`Political subdivision' includes counties, cities, towns, villages, townships, districts, authorities, and other public corporations and entities whether organized and existing under charter or general law."); and A.C.A. § 15-5-103(15) ("`Political subdivision' means a city of the first class, a city of the second class, an incorporated town, a county, or an improvement district, or any agency, board, commission, public corporation, or instrumentality of the above."). Section 24-10-102(5)(E) and (F) of the Code defines the term to include "rural fire protection corporations" and certain qualified "fire protection districts" but makes no mention of search and rescue teams. Finally A.C.A. § 21-5-603(b) sets forth an exhaustive definition of "public employees" that would not include members of the Rescue Team.
In support of your request, you invoked Op. Att'y Gen. 82-140, in which one of my predecessors opined that a volunteer fire department qualified as a "political subdivision" of the state because it constituted an improvement district. As provided in the definitions recited above, improvement districts are indeed "political subdivisions" of the state. Moreover, the chapter of the Code devoted to fire protection districts expressly states that "[t]he district may provide other emergency services, like . . . search and rescue . . . services." A.C.A. §14-284-102. However, in order to qualify as an improvement district, the Rescue Team must have been formed pursuant to the procedure set forth in A.C.A. § 14-284-103 et seq. Instead, I am informed the Rescue Team is organized as a private, nonprofit corporation — an entity that, as its designation reflects, cannot be classified as "public" in any sense.
In my opinion, then, the Rescue Team is not a "public agency" of the sort that might qualify to receive surplus federal property pursuant to the Act. This is in no way to diminish the valuable service the Rescue Team performs. I am simply bound to interpret the law as written.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JD:cyh
Enclosure